EDOK Criminal Complaint (Revised 6/13)

# United States District Court
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>NATHANIEL DEWAYNE MEASHINTUBBY,<br><br>*Defendant.* | **CRIMINAL COMPLAINT**<br>**SEALED**<br><br>Case No. 21-MJ-325-KEW |

I, Special Agent Donald G. Waters, the undersigned complainant, state that the following is true to the best of my knowledge and belief.

On or about April 17, 2018, in the Eastern District of Oklahoma, in Indian Country, defendant, **NATHANIEL DEWAYNE MEASHINTUBBY**, an Indian, committed the crime of Assault With a Dangerous Weapon With Intent to Do Bodily Harm in Indian Country, in violation of 18 U.S.C. §§113(a)(3), 1151 and 1153; and Use, Carry, Brandish, and Discharge of a Firearm During and In Relation To a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)(ii) & (iii).

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco and Firearms, and that this complaint is based on the following facts:

(See attached Affidavit of Special Agent Donald G. Waters which is attached hereto and made a part hereof by reference.)

☒    Continued on the attached sheet.

Donald G. Waters
Special Agent
Bureau of Alcohol, Tobacco and Firearms

Sworn to before me and subscribed in my presence at: MUSKOGEE,

OKLAHOMA Date: August 4, 2021

UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                                       Signature of Judicial Officer

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Donald Waters, being duly sworn, does depose and state that:

## INTRODUCTION

1. I am currently employed as a Special Agent in the Bureau of Alcohol, Tobacco and Firearms & Explosives (ATF) and have been so employed since September 2015. I have attended the Federal Law Enforcement Training Center Criminal Investigation Training Program and the ATF Academy's Special Agent Basic Training Program, both located in Glynco, Georgia, for a combined period of twenty-seven weeks. Additionally, I have completed Firearms Interstate Nexus Training at the National Center for Explosives Training & Research located in Huntsville, Alabama. I have received extensive formal and on-the-job training in the provisions of Federal firearms laws administered under Title 18 and Title 26 of the United States Code. As an ATF Special Agent, I have conducted and assisted in numerous investigations involving federal firearms law and the Controlled Substance Act, as well as the investigation of violent crimes. Accordingly, I have received specialized training regarding, and have personally participated in, various types of investigative activity, including, but not limited to, the following: (a) physical surveillance; (b) the debriefing of defendants, witnesses, informants and other individuals who have knowledge concerning violations of federal firearms laws; (c) undercover operations; (d) the execution of search warrants; (e) the consensual monitoring and recording of conversations; (f) electronic surveillance through the use of pen registers and trap and trace devices; (g) the court-authorized interception of both wire and electronic communications (i.e., Title III wiretaps); and (h) the handling and maintenance of evidence. Moreover, I am a federal law enforcement officer who is

1

engaged in enforcing criminal laws, including 18 United States Code, Sections 1151, 1152 and 1153.

2.  As a Special Agent, I am authorized by the Attorney General to investigate violations of the laws of the United States, and to request and execute warrants issued under the authority of the United States.

3.  The statements contained in this Affidavit are based in part on information provided by other agencies, written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents, independent investigation, and my experience, training, and background as a Special Agent with the ATF. Because this Affidavit is being submitted for the limited purpose of establishing probable cause to believe that NATHANIEL DEWAYNE MEASHINTUBBY, an Indian, committed the below-described offense, I have not included every detail of the investigation. In addition, unless otherwise indicated, all statements contained in this Affidavit are summaries in substance and in part. The following is true to the best of my knowledge and belief.

## PROBABLE CAUSE

4.  As will be shown below, there is probable cause to believe the defendant, NATHANIEL DEWAYNE MEASHINTUBY ("MEASHINTUBBY"), an Indian, committed the offense of Assault with a Dangerous Weapon With Intent to Do Bodily Harm in Indian Country, in violation of Title 18, United States Code, Sections 113(a)(3), 1151 and 1153; and Use, Carry, Brandish, and Discharge of a Firearm During and In Relation To a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)(ii) & (iii).

5.  VENUE: the facts and circumstances alleged in this affidavit occurred within the

Eastern District of Oklahoma. More specifically, based on the Supreme Court decision in *McGirt v. Oklahoma (2020)*, the below described location is within the geographic boundaries of the Choctaw Nation Reservation, and therefore is within Indian Country.

6. For purposes of establishing federal jurisdiction, MEASHINTUBBY is an enrolled member by blood of the Choctaw Nation.

7. I received information regarding a crime which occurred in Pittsburg County, Oklahoma within the boundaries of the Choctaw Nation Reservation. This Affidavit is made in support of a Complaint and Arrest Warrant for a violation of Title 18, United States Code, Sections 113(a)(3), 1151, 1153, and 924(c)(1)(A)(i)(ii) & (iii). In support of this request, I submit the following:

8. On April 17, 2018, Officers from the McAlester Police Department ("MPD") responded to a report of shots fired at 202 West. Tyler Avenue, McAlester, Oklahoma. MPD met with the victim, H.M., who informed MPD that MEASHINTUBBY assaulted him with a chair and shot at him with a pistol. The victim told MPD that MEASHINTUBBY came into the residence acting erratic and left. Shortly thereafter, MEASHINTUBBY came back to the residence and started banging on the door and reentered the residence  While inside the residence, MEASHINTUBBY began arguing with his mother N.M. When the victim asked MEASHINTUBBY to leave the residence, MEASHINTUBBY hit the victim in the head with a chair. At that time, the victim and his wife, N.M., attempted to leave the residence. While they were attempting to leave the residence, MEASHINTUBBY fired a pistol in the direction of the H.M. MEASHINTUBBY was apprehended at a nearby residence and taken into custody. During a search of the immediate area where MEASHINTUBBY was arrested, MPD retrieved a Heritage

3

.22 caliber revolver loaded with two spent casings and four unspent rounds. During the safety pat down of MEASHINTUBBY, a small bag with a crystal-like substance, later field tested positive for methamphetamines, was retrieved from his right front pants pocket.

9. Upon examination of the victim, MPD observed injuries to the victim's head, face, and jaw. Additionally, MPD observed visible bullet marks to the front door and front glass storm door consistent with a .22 caliber bullet.

10. Based on a review of this case, and based on my knowledge and experience with violent crimes in Indian Country, I, as your Affiant have probable cause to believe NATHANIEL DEWAYNE MEASHINTUBBY committed the offense of Assault with a Dangerous Weapon With Intent to Do Bodily Harm in Indian Country, in violation of Title 18, United States Code, Sections 113(a)(3), 1151 and 1153; and Use, Carry, Brandish, and Discharge of a Firearm During and In Relation To a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)(ii) & (iii.

Respectfully Submitted,

Donald G. Waters, Special Agent
Bureau of Alcohol, Tobacco and Firearms

Sworn before me this 4th day of August 2021.

HONORABLE
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF OKLAHOMA